# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

OMAR HERNANDEZ,

    Plaintiff,

vs.

DIRECTOR G. COX, et al.,

    Defendants.

Case No. 2:13-cv-00698-RCJ-VCF

**ORDER**

    Plaintiff has submitted an amended complaint (#6). He has not corrected the defects of the original complaint, and the court dismisses this action.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

    Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

1  [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to
2  relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads
   factual content that allows the court to draw the reasonable inference that the defendant is
3  liable for the misconduct alleged. The plausibility standard is not akin to a "probability
   requirement," but it asks for more than a sheer possibility that a defendant has acted
4  unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's
   liability, it "stops short of the line between possibility and plausibility of 'entitlement to
5  relief.'"

6 Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

7       Plaintiff claims that he was not afforded the process due to an inmate in a prison disciplinary
8  proceeding, from which he was sanctioned with 168 days in disciplinary segregation. The court
9  gave plaintiff the opportunity to amend the complaint to allege facts showing that disciplinary
10 segregation at the Southern Desert Correctional Center either increased the length of his sentence or
11 imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of
12 prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Order, at 6-7 (#4).

13      The amended complaint does not correct that deficiency. Plaintiff alleges, "The 'hole' was
14 unduly inhumane, cruel, and excessively grating, compare to living conditions in SDCC general
15 population." Amended compl., at 6 (#6). Those are the vague legal conclusions that Iqbal
16 disapproves. Plaintiff does not allege specific facts showing how the conditions in disciplinary
17 segregation were different than the conditions in general population.

18      The amended complaint also adds a new, fatal defect. Plaintiff alleges that he lost good-time
19 credits toward an earlier release from prison and that the expiration date of his sentence increased.
20 Plaintiff does not seek the restoration of those credits, but he does seek monetary damages. "[T]o
21 recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm
22 caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983
23 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by
24 executive order, declared invalid by a state tribunal authorized to make such determination, or called
25 into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S.
26 477, 486-87 (1994). See also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). The
27 rule of Heck applies to prison disciplinary proceedings. See Muhammad v. Close, 540 U.S. 749,
28 751-52 (2004); Edwards v. Balisok, 520 U.S. 641, 647-48 (1997). Plaintiff has not had the issue of

the credits resolved through one of these methods, and thus the court cannot grant plaintiff any monetary relief. This defect cannot be cured by further amendment. As a matter of law, plaintiff's claim fails. For the same reason, the court certifies that any appeal from this decision would not be taken in good faith.

Defendants have filed a motion for screening (#7). Such a motion is unnecessary; the court has screened the amended complaint in the ordinary course of its business.

Earlier, the court granted plaintiff's application to proceed in forma pauperis (#1), but it did not establish a schedule of payment. Plaintiff will need to pay the filing fee through monthly installments pursuant to 28 U.S.C. § 1915(b)(2) because he is a prisoner.

IT IS THEREFORE ORDERED that defendants' motion for screening (#7) is **DENIED** as moot.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #73330), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The clerk shall send a copy of this order to the finance division of the clerk's office. The clerk shall also send a copy of this order to the attention of the chief of inmate services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a claim upon which relief can be granted. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that an appeal from the dismissal of this action would not be taken in good faith.

Dated: May 27, 2014.

_____
ROBERT C. JONES
United States District Judge